# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No. **CV 18-1567-JFW(AFMx)** | Date: April 18, 2018 |

Title: Pia del Puerto -v- Thompson House Group, LLC, et al.

**PRESENT:**

      HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER GRANTING MOTION TO REMAND THIS CASE TO SUPERIOR COURT STATE OF CALIFORNIA, COUNTY OF LOS ANGELES [filed 3/21/18; Docket No. 22];

ORDER DENYING WITHOUT PREJUDICE DEFENDANT VISUALHOUSE USA, LLC'S MOTION TO DISMISS UNDER FRCP 12(b)(2) & 12(b)(6) [filed 3/22/18; Docket No. 23];

ORDER DENYING WITHOUT PREJUDICE DEFENDANT THOMPSON HOUSE GROUP, LLC AND VISUALHOUSE LOS ANGELES, CORP.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6) [filed 3/22/18; Docket No. 24]; and

ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' UNOPPOSED MOTION FOR PERMISSION TO DESIGNATE RICHARD W. EPSTEIN, ESQ. AS CO-LEAD COUNSEL [filed 3/26/18; Docket No. 25]

      On March 21, 2018, Plaintiff Pia del Puerto ("Plaintiff") filed a Motion to Remand This Case to Superior Court State of California, County of Los Angeles ("Motion"). On April 2, 2018, Defendants Thompson House Group, LLC ("Thompson House"), Visualhouse Los Angeles, Corp. ("Visualhouse Los Angeles"), and Visualhouse USA, LLC ("Visualhouse USA") (collectively,

"Defendants") filed their Opposition.  Plaintiff did not file a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for April 23, 2018 is hereby vacated and the matter taken off calendar. After considering the moving and opposing papers, and the arguments therein, the Court rules as follows:

**I.      Factual and Procedural Background**

On April 14, 2017, Plaintiff filed a Complaint against Thompson House, Visualhouse Group, Inc., and Robert Michael Herrick ("Herrick") in Los Angeles Superior Court.  On May 2, 2017, Plaintiff filed an Amendment to the Complaint to correct the name of defendant Visualhouse Group, Inc. to Visualhouse Los Angeles.  On August 18, 2017, Plaintiff filed a First Amended Complaint against the same defendants.  On October 16, 2017, Plaintiff dismissed Herrick from this action.  On November 7, 2017, Los Angeles Superior Court Judge Ernest M. Hiroshige sustained Visualhouse Los Angeles's demurrer with leave to amend and sustained in part and overruled in part Thompson House's demurrer.  On November 16, 2017, Plaintiff filed her Second Amended Complaint against Thompson House, Visualhouse Los Angeles, and Visualhouse USA, alleging state law claims for: (1) violation of Labor Code § 970(b); (2) Labor Code violations – non-reimbursed expenses, late-paid wages, non-paid wages; (3) violation of Business & Professions Code § 17200, *et seq.*; (4) breach of contract; (5) declaratory relief; and (6) accounting.

On February 26, 2018, Visualhouse USA filed a Notice of Removal, alleging that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

In her Motion, Plaintiff moves to remand this action to Los Angeles County Superior Court, arguing that this Court does not have diversity jurisdiction because Plaintiff and Visualhouse Los Angeles are both citizens of California.  In their Opposition, Defendants argue that Visualhouse Los Angeles has been fraudulently joined.

**II.     Legal Standard**

A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."*).*

**III.    Discussion**

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.  Because Defendants have not met their burden of demonstrating that the parties

are completely diverse, this action must be remanded.

Although Plaintiff and Visualhouse Los Angeles are both citizens of California, Defendants contend that Visualhouse Los Angeles has been fraudulently joined, and, thus, its presence in this action should be ignored. "Although an action may be removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted). "Fraudulent joinder is a term of art and does not implicate a plaintiff's subjective intent." *Health Pro Dental Corp. v. Travelers Prop. Cas. Co. of Am.*, 2017 WL 1033970, at *3 (C.D. Cal. Mar. 17, 2017). If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). Indeed, "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the non-diverse defendant. *See Plute*, 141 F. Supp. 2d at 1008. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)). Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand. *See id.* "[A] removing defendant alleging fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant. Rather, the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies." *Martinez v. Michaels*, 2015 WL 4337059, at *5 (C.D. Cal. July 15, 2015) (quotations and citations omitted).

The Court concludes that Defendants have failed to meet their heavy burden of demonstrating fraudulent joinder. In her Second Amended Complaint, Plaintiff alleges that there was a pattern of "alter ego" behavior on the part of Visualhouse Los Angeles and Visualhouse USA in regards to Thompson House. Although Defendants argues that Plaintiff cannot possibly prevail on her alter ego claims against Visualhouse Los Angeles, the Court cannot conclude that Plaintiff has no possibility of prevailing on her alter ego claims against Visualhouse Los Angeles based on the arguments of counsel in Plaintiff's Motion and Defendants' Opposition. *See Vincent v. First Republic Bank Inc.*, 2010 WL 1980223, at *5 (N.D. Cal. May 17, 2010) ("While plaintiff's allegations may fall short of proving outrageous conduct, this order cannot conclude that plaintiff has absolutely no possibility of stating a claim, if afforded an opportunity to amend"); *First Western Bank & Trust Co. v. Bookasta*, 267 Cal. App. 2d 910 (1968) (holding that "courts have followed a liberal policy of

applying the *alter ego* doctrine where the equalities and justice of the situation appear to call for it"); *Associated Vendors Inc. v. Oakland Meat Packing Co.*, 210 Cal. App. 2d 829 (1962) (discussing factors for determining alter ego liability).

**IV.     Conclusion**

For the foregoing reasons, Plaintiff's Motion for Remand is **GRANTED**.  This action is hereby **REMANDED** to Los Angeles County Superior Court.  Plaintiff's request for attorneys' fees and costs is **DENIED**.  In light of the remand of this action to Los Angeles County Superior Court, the Court **DENIES without prejudice** Defendant Visualhouse USA, LLC's Motion to Dismiss under FRCP 12(b)(2) & 12(b)(6), Defendant Thompson House Group, LLC and Visualhouse Los Angeles, Corp.'s Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to FRCP 12(b)(6), and Defendants' Unopposed Motion for Permission to Designate Richard W. Epstein, Esq. As Co-lead Counsel.

IT IS SO ORDERED.